UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORETTE GALE JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:17-cv-01343-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ECF No. 1 |

Dorette Gale Jenkins ("claimant") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security benefits. ECF No. 1. The case is submitted on the parties' briefs. ECF Nos. 18, 22. This matter is now ripe for review, and we will vacate the decision below and remand for further proceedings.

On May 15, 2014, claimant applied for a period of disability and disability insurance benefits, claiming that she became disabled on January 8, 2008. On April 27, 2016, an Administrative Law Judge ("ALJ") held a hearing. AR 31-69. On June 22, 2016, the ALJ denied claimant's claims. AR 15-25. After unsuccessfully seeking review by the Appeals Council, claimant filed the present action on October 5, 2017.

## I. STANDARD OF REVIEW

Our review is limited: On appeal, we ask only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla of evidence but may be less than a preponderance. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because we may not substitute our judgment for that of the Commissioner. *Id*. We review only the reasons provided by the Commissioner in the disability determination and may not affirm based on a ground upon which the Commissioner did not rely. *See Revels*, 874 F.3d at 654.

## II. ANALYSIS

The ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform her past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since January 8, 2008. AR 20. At step two, the ALJ found that claimant had the severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine; and musculoligamentous strain of the left shoulder. AR 20. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or exceeded the severity of the listed impairments. AR 21. Before proceeding to step four, the ALJ found that claimant had the residual functional capacity ("RFC") to perform a range of light work, with some limitations. AR 21-24. At step four, the ALJ found that claimant could perform past

relevant work. AR 24. Claimant argues on appeal that the ALJ erroneously assessed claimant's RFC by improperly weighing medical evidence and claimant's testimony.

**A. Residual Functional Capacity to Perform Light Work**

Claimant contends that the ALJ erred in determining that she had the RFC to do light work because the Veteran's Administration ("VA") found that she is unemployable because of her service-connected disabilities and because the ALJ improperly disregarded claimant's statements regarding her impairments, symptoms, and limitations. A claimant's RFC is what she can still do despite her physical, mental, and other limitations. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001) (citing 20 C.F.R. pt. 404, subpt. P, app. 2, 200.00(c)). The ALJ's determination of a claimant's RFC must be based on medical opinions and the totality of the record. *See* 20 C.F.R. §§ 416.927(b), 416.946(c). In determining an RFC, the ALJ is responsible for "determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but decided that claimant's symptoms were not disabling to the degree alleged. AR 22. The ALJ considered claimant's medical records and activities. *See* AR 22-23. The ALJ considered and gave "great weight" to the non-examining agency medical consultants' opinions on reconsideration "because they are consistent with the record as a whole." AR 23. The ALJ considered and gave "significant weight" to the non-examining agency medical consultants' opinions on initial review. AR 24. Finally, the ALJ gave "little weight" to the VA examining medical opinion that claimant was unable to work, solely because the "rating was not determined using the same criteria used to determine disability under the Social Security Act." *Id.* The ALJ ultimately found that claimant had the RFC "to perform a range of light work" with some postural and environmental limitations. AR 21.

**1. Medical Opinion Evidence**

The weight given to medical opinions depends in part on whether the opinions are proffered by treating, examining, or non-examining professionals. *See Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to become acquainted with and observe the patient as an individual. *See id.* An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Id.* The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. *See id.* at 831.

Additionally, when weighing medical opinions, an ALJ is required to consider factors laid out in 20 C.F.R. § 404.1527(c). The required factors include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the extent to which the opinion is supported by evidence, the consistency of the opinion with the record as a whole, and whether the medical source is a specialist. 20 C.F.R. § 404.1527(c).

Finally, "although a VA rating of disability does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching [her] decision." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Ninth Circuit, considering that these federal disability programs are alike but their criteria for determining disability are not identical, has determined that the ALJ must give a VA determination "great weight" unless she "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

In this case, the ALJ gave the greatest weight to the opinions of non-examining physicians and disregarded the VA rating without persuasive, specific and valid reasons supported by the record. The sole reason given by the ALJ for disregarding the VA rating was that the SSA and VA rating criteria differ. *See* AR 24. However, that difference is incorporated into the Ninth Circuit's reasoning for affording the VA determination "great weight" instead of a different level such as "substantial weight" or "some weight." *See McCartney*, 298 F.3d at 1076. Additionally, the VA determination is based upon the opinions of examining medical professionals, which cannot be rejected based upon the opinion of a non-examining professional without other evidence. *See Lester*, 81 F.3d at 831.

The ALJ committed a legal error by failing either to give the VA determination great weight or, alternatively, to give persuasive, specific, valid reasons supported by the record for

according the determination less weight. *See McCartney*, 298 F.3d at 1076. We cannot find such error harmless; if the VA determination were given great weight, the ultimate nondisability determination may have changed. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (internal citations and quotation marks omitted). Having found a ground for remanding the case, we need not reach claimant's second argument regarding the ALJ's consideration of her statements when determining the RFC.

### III. CONCLUSION AND ORDER

Plaintiff Dorette Gale Jenkins's appeal from the administrative decision of the Commissioner of Social Security is granted. This case is remanded for further proceedings consistent with this order. The clerk of court is directed (1) to enter judgment in favor of plaintiff Dorette Gale Jenkins and against defendant Commissioner of Social Security, and (2) to close this case.

IT IS SO ORDERED.

Dated:   March 21, 2019                              _____
                                                     UNITED STATES MAGISTRATE JUDGE

No. 204